**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RAMON THOMPSON,** | ) | **CASE NO. 1:08 CV 27** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **RICH GANSHEIMER, Warden,** | ) | **Magistrate Judge Kenneth S. McHargh** |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh. The Report and Recommendation (Document #15) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on January 4, 2008 (Document #1) is DENIED.

**Factual and Procedural History**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

> The petitioner Ramon A. Thompson ("Thompson") filed a petition for a writ of habeas corpus[1], through counsel, arising out of his August 2004 convictions in the Cuyahoga County (Ohio) Court of Common Pleas for felonious assault, with firearm specifications, and having a weapon while under disability. In his petition, Thompson raises four grounds for relief:
>
> 1. The trial court violated Mr. Thompson's rights under the due process clause when it permitted the prosecution to amend the indictment on the day of trial to include an additional or alternative victim without resubmitting the case to the grand jury.

> 2. Mr. Thompson's rights under the Sixth Amendment and due process clause were violated where the indictment and jury instruction with respect to felonious assault allowed the jury to convict Mr. Thompson without reaching a unanimous verdict.
>
> 3. The trial court violated Mr. Thompson's rights under the Sixth Amendment and due process clause by failing to instruct the jury on the inferior offense of aggravated assault where there was sufficient evidence of provocation to warrant the instruction.
>
> 4. Mr. Thompson's right to a fair trial under the Sixth Amendment and his rights under the due process clause were violated because the jury was repeatedly and erroneously exposed to evidence of his prior criminal record and unsubstantiated suggestions that he was engaged in ongoing criminal activity.

(Doc. 1, at § 12.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

> [Thompson] was indicted in 2002 for felonious assault with firearm specifications, having a weapon under disability and intimidation. He was not arrested until 2003. In July 2004, [Thompson] was tried and convicted by a jury of felonious assault with firearm specifications and was convicted by the trial court of having a weapon under disability. The trial court sentenced [Thompson] to an aggregate ten-year prison term, three years on the firearm specifications, and seven years on the felonious assault offense.
>
> According to the record, in November 2001, police were alerted that shots had been fired at 3602 East 114th Street in Cleveland. The police arrived within five minutes of receiving the call and proceeded to the second floor apartment, where Angell Carpenter and her three preschool-aged children were inside. Prior to entering the house, the police had to maneuver past a refrigerator which Carpenter had used to block the doorway. Carpenter, who had been visiting with her neighbor Marquise Prevost at the time, explained that [Thompson] had just accosted her and Prevost during an argument.
>
> Carpenter testified that [Thompson] became angry and chased Prevost out of the apartment. [Thompson], alias Jeffrey Tucker, alias Reno, who had lived with Prevost for a few months, was angry because Prevost told him that the landlord said he had to move out of the apartment or she would be

-2-

> evicted. He also became very angry about $40 he claimed he was owed. Carpenter also reported that [Thompson] was armed with a small silver or black automatic handgun at the time.
>
> She further testified that [Thompson] hit her in the back of the head with the gun, and the gun went off. Latonya Player-Reid testified that she saw her daughter, Marquise, the night of the shooting. She further testified that she called [Thompson]'s phone after the shooting and argued with him. Officer Frank Woyma testified that Angell Carpenter was at the house with her three children the night of the shooting, and her face was red and she had a "knot" behind her ear. Officer Woyma further stated that there was a bullet hole in the wall and a shell casing in the house. He also stated that the gutter outside of the house was bent where Prevost said she jumped from the porch.

(Doc. 9, RX 16, at 2-3; *State v. Thompson*, No. 85843, 2006 WL 1705136, at *1 (Ohio Ct. App. June 22, 2006).)

Thompson did not file a timely direct appeal within the thirty days allowed
by state law, but on Feb. 18, 2005, the court of appeals granted his motion for leave to file a delayed appeal. However, on June 6, 2005, that appeal was dismissed for failure to file a brief in support. (*See generally* doc. 9, RX 10, appellate docket.)

On Aug. 19, 2005, Thompson filed an application to reopen his appeal pursuant to Ohio App.R. 26(B). (Doc. 9, RX 11.) The court of appeals, sua sponte,
converted his application into a motion for reinstatement, which was granted. Counsel was appointed. (*See generally* doc. 9, RX 10, appellate docket.)

Through counsel, Thompson then presented five assignments of error:

1. Mr. Thompson was denied federal and state due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when the court permitted an amendment to the indictment without resubmission of the cause to the grand jury.

2. The indictment and jury instruction alleging felonious assault were deficient because they allowed the jury to convict Mr. Thompson without reaching a unanimous verdict thereby violating his rights under the Sixth Amendment as well as his right to due process.

3. Ramon Thompson's rights to due process and a fair trial were violated

-3-

> because the jury was repeatedly exposed to irrelevant evidence of his prior criminal record and unsubstantiated suggestions of ongoing criminal activity.
>
> 4. The trial court erred in violation of the Due Process Clause of the United States Constitution by failing to give the jury an instruction on aggravated assault when the facts indicated sufficient evidence of serious provocation to convict appellant of the inferior degree offense of aggravated assault.
>
> 5. Trial counsel was ineffective for failing to object to ambiguous jury instructions referring to an additional or alternative felonious assault victim and for failing to request that the court give a specific unanimity instruction with respect to the alleged felonious assault victims.

(Doc. 9, RX 13, at vi.)

On June 22, 2006, the court of appeals affirmed the judgment of the trial court. (Doc. 9, RX 16; *State v. Thompson*, No. 85843, 2006 WL 1705136 (Ohio Ct.App. June 22, 2006).)

On Aug. 15, 2006, Thompson filed an appeal in the Ohio Supreme Court. (Doc. 9, RX 18.) In his brief, Thompson set forth the following four propositions of law:

> 1. The trial court violated the defendant's Fifth and Fourteenth Amendment right to due process as well as Article I, Section 10 of the Ohio Constitution when it permitted an amendment to the indictment without resubmission of the cause to the grand jury.
>
> 2. The indictment and jury instruction alleging felonious assault were deficient because they allowed the jury to convict Mr. Thompson without reaching a unanimous verdict thereby violating his rights under the Sixth Amendment as well as his right to due process.
>
> 3. The trial court's failure to instruct the jury on aggravated assault where evidence of serious provocation supported the inferior offense violated Ramon Thompson's rights under the Sixth Amendment and Due Process Clause of the United States Constitution.
>
> 4. Ramon Thompson's rights to due process and a fair trial were violated because the jury was repeatedly exposed to irrelevant evidence of his prior criminal record and unsubstantiated suggestions of ongoing criminal activity.

(Doc. 9, RX 19.) On Nov. 1, 2006, the state high court denied leave to appeal, and

-4-

dismissed the appeal as not involving any substantial constitutional question. (Doc.9, RX 20; *State v. Thompson*, 111 Ohio St.3d 1472, 855 N.E.2d 1260 (2006).)

Thompson filed a pro se petition for a writ of habeas corpus in state court on Dec. 14, 2006. The state petition was denied through the granting of the warden's motion for summary judgment. (Doc. 9, RX 22; *State ex rel. Thompson v. Gansheimer*, No. 2006-A-0086, 2007 WL 1965466, at *1 (Ohio Ct. App. July 6, 2007) (per curiam).) The court rejected Thompson's argument that his detention in this case was invalid because the trial court lacked jurisdiction. The court noted that:

> . . . the second Cuyahoga County case [this case, No. CR-418761] was a separate criminal proceeding based on a distinct indictment, it follows that any alleged error in the first Cuyahoga County case [CR-405065] could not have affected the authority of the trial court in the second case to proceed. Stated differently, even if we accept the assertion that the failure to follow the five-day limit had the effect of invalidating the seventeen-month sentence under the first case, the ten-year sentence under the second case would still remain valid and would justify petitioner's continuing incarceration in the state prison.

(Doc. 9, RX 22; *Thompson*, 2007 WL 1965466, at *3.)

Thompson appealed that judgment to the state high court (doc. 9, RX 24), which affirmed the judgment below on Dec. 19, 2007. (Doc. 9, RX 26; *Thompson v. Gansheimer*, 116 Ohio St.3d 349, 879 N.E.2d 199 (2007).)

On Jan. 4, 2008, Thompson filed this petition for a writ of habeas corpus. (Doc. 1.)

Thompson sets forth four grounds for relief:

| | |
|---|---|
| Ground One: | The trial court violated Mr. Thompson's rights under the due process clause when it permitted the prosecution to amend the indictment on the day of trial to include an additional or alternative victim without resubmitting the case to the grand jury. |
| Ground Two: | Mr. Thompson's rights under the Sixth Amendment and due process clause were violated where the indictment and jury instruction with respect to felonious assault allowed the jury to convict Mr. Thompson without reaching a unanimous verdict. |
| Ground Three: | The trial court violated Mr. Thompson's rights under the Sixth Amendment and dues process clause by failing to instruct the jury on the inferior offense of aggravated assault where there was |

                                        sufficient evidence of provocation to warrant the instruction.

Ground Four:        Mr. Thompson's right to a fair trial under the Sixth Amendment and his rights under the due process clause were violated because the jury repeatedly and erroneously exposed to evidence of his prior criminal record and unsubstantiated suggestions that he was engaged in ongoing criminal activity.

On May 1, 2009, the Magistrate Judge issued his Report and Recommendation.  (Docket #15.)  The Magistrate Judge recommends that the Petition be denied.

On May 11, 2009, Thompson filed objections to the Report and Recommendation. (Docket #16.)  Thompson argues that while the Petition for Habeas Corpus raised four claims, he primarily sought relief based on two grounds – that the last minute pretrial amendment to the indictment, adding an additional or alternative victim, violated his due process right to notice and right to a grand jury indictment, and, that the improper amendment plus the trial court's failure to provide a unanimity instruction, or otherwise clarify for the jury, further violated Thompson's rights under the Fifth, Sixth and Fourteenth Amendments.  Thompson objectS to the Magistrate Judge's determination that the indictment's late amendment did not cause him actual prejudice and to the Magistrate Judge's conclusion that Thompson waived any challenge to the improper jury instructions because trial counsel failed to object to the ones that were given.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

**Conclusion**

The Court has reviewed the Report and Recommendation *de novo*, as well as the briefs and supporting material submitted by the Parties, and the objections to the Report and Recommendation raised by Petitioner. The Court finds thE Report and Recommendation to be well-reasoned and correct. The Report and Recommendation (Docket #15) is hereby ADOPTED in its entirety and the Petition (Docket #1) is hereby DENIED.

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the

> applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, the Court concludes that Thompson has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural

-8-

rulings. Accordingly, the Court declines to issue a certificate of appealability.

       IT IS SO ORDERED.

                                      *s/ Donald C. Nugent*
                                      DONALD C. NUGENT
                                      United States District Judge

DATED: <u>August 27, 2009</u>